MAYER BROWN LLP
Carmine R. Zarlenga (D.C. Bar No. 286244)
czarlenga@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

MAYER BROWN LLP
Dale J. Giali (Cal. Bar No. 150382)
dgiali@mayerbrown.com
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant
DREYER'S GRAND ICE CREAM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SKYE ASTIANA, et al.,

Plaintiffs,

vs.

DREYER'S GRAND ICE CREAM, INC.,

Defendant.

---

PAMELA RUTLEDGE-MUHS, et al.,

Plaintiffs,

v.

DREYER'S GRAND ICE CREAM, INC.,

Defendant.

Case No. C11-02910 EMC
consolidated with
Case No. C11-3164 EMC

**STIPULATION AND [~~proposed~~] ORDER (1) CONTINUING DECEMBER 16, 2011 INITIAL CASE MANAGEMENT CONFERENCE, (2) VACATING RESPONSE DATE TO COMPLAINT, AND (3) CONFIRMING THAT THE PARTIES WILL TEMPORARILY FOREGO LITIGATION ACTIVITIES**

Plaintiffs Skye Astiana, Pamela Rutledge-Muhs and Jay Woolwine and defendant Dreyer's Grand Ice Cream, Inc., now known as Nestlé Dreyer's Ice Cream Co. ("Dreyer's"), by and through their respective counsel of record and pursuant to Local Rules 6-2 and 7-12, enter into the following stipulation for an order (1) continuing the December 16, 2011 initial case management conference to February 24, 2012, (2) vacating the last day for Dreyer's to respond to the initial complaint, to be re-set, as appropriate, at the February 24, 2012 case management conference, and (3) confirming that the parties will forego litigation activities for a short period, all to facilitate further mediation of this consolidated action without having simultaneously to expend the Court's and parties' time and resources on litigation:

WHEREAS, on June 14, 2011, plaintiff Astiana filed her initial complaint (Dkt. #1);

WHEREAS, on June 27, 2011, plaintiffs Rutledge-Muhs and Woolwine filed their initial complaint (Dkt. # 1 in Case No. C11-3164 EMC);

WHEREAS, on July 6, 2011, plaintiff Astiana and Dreyer's agreed to extend the time for Dreyer's to respond to the *Astiana* complaint for 30 days (Dkt. #11);

WHEREAS, on August 18, 2011, the two complaints were deemed "related" and *Rutledge-Muhs* was re-assigned to this department (Dkt. #17);

WHEREAS, on August 22, 2011, the Court issued an order setting a single case management conference for both cases for October 28, 2011 (Dkt. #18);

WHEREAS, on August 31, 2011, the court continued the October 28, 2011 initial case management conference to December 16, 2011 and extended Dreyer's time to respond to the complaints in the related actions until 30 days following the completion of a planned November 30, 2011 mediation (Dkt. #31);

WHEREAS, on September 30, 2011, the Court consolidated the two cases for all purposes, designating the *Astiana* complaint as the single active complaint and relieving Dreyer's from any obligation to respond to the *Rutledge-Muhs* complaint (Dkt. #27);

WHEREAS, on November 30, 2011, the parties engaged in a full day mediation session in New York, New York, before David Geronemus of JAMS, and while the parties were unable to settle the matter during the first day of mediation, sufficient progress was made that the parties believe a second day of mediation is appropriate and warranted;

WHEREAS, the parties have agreed to convene at least one additional day of mediation in an effort to exhaust all possibilities of settlement, and also have agreed to exchange or obtain certain information prior to the agreed-upon second day of mediation;

WHEREAS, because of the time required to exchange or obtain the agreed-upon information, as well as the time necessary to analyze the information prior to the second day of mediation, and the need to coordinate the schedules of the mediator and the parties, the parties are unable at this time to identify a date certain for the second day of mediation;

WHEREAS, the parties believe they should conduct the second day of mediation without having simultaneously to litigate the action so as to preserve the scarce resources of the Court and the time and resources of the parties; and

WHEREAS, the parties believe it necessary and appropriate to allow for sufficient time in the Court schedule to allow the parties to exchange and obtain the agreed-upon information, analyze the information prior to the second day of mediation, and schedule and conduct the second day of mediation;

NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED by and between the parties that:

1. The parties will schedule a second day of mediation following the exchanging or obtaining of agreed-upon information, and will report to the Court once the second day of mediation is scheduled;

2. The December 16, 2011 initial case management conference is continued to Friday, February 24, 2012 at 9 a.m. in Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California;

3. Dreyer's last day to respond to the initial complaint in this consolidated action as set by the Court's August 31, 2011 order (Dkt. #31) is vacated, and the response date will be addressed and rescheduled, as appropriate, at the continued case management conference;

4. The parties agree to cease all litigation activities, including but not limited to serving discovery or addressing any of obligations under Fed. R. Civ. P. 16 or 26(f), until at least after the February 24, 2012 continued initial case management conference; and

5. Nothing stated herein shall prevent the parties, or one of them, from seeking an order extending the litigation standstill as appropriate or from seeking to modify further the obligations and deadlines set out in Fed. R. Civ. P. 16 or 26(f).

Dated: December 8, 2011 LAW OFFICES OF JANET LINDNER SPIELBERG

Janet Lindner Spielberg

By: /s/ *Janet Lindner Spielberg*

Janet Lindner Spielberg, Co-Lead Attorney for Plaintiffs

Dated: December 8, 2011 MAYER BROWN LLP

Carmine R. Zarlenga
Dale J. Giali

By: /s/ *Dale J. Giali*

Dale J. Giali, Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: December 13, 2011 ______________________

Hon. Edwa[rd M. Chen, United States Distric]t Judge

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED

Judge Edward M. Chen

# CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2011, I caused the foregoing **STIPULATION AND [proposed] ORDER (1) CONTINUING DECEMBER 16, 2011 INITIAL CASE MANAGEMENT CONFERENCE, (2) VACATING RESPONSE DATE TO COMPLAINT, AND (3) CONFIRMING THAT THE PARTIES WILL TEMPORARILY FOREGO LITIGATION ACTIVITIES** to be electronically filed with the Clerk of the Court. I understand that the Court will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF.

Dated: December 8, 2011

MAYER BROWN LLP
Dale J. Giali

By: /s/ *Dale J. Giali*
Dale J. Giali
Attorneys for Defendant
DREYER'S GRAND ICE CREAM, INC.
.