MAYER BROWN LLP
Carmine R. Zarlenga (D.C. Bar No. 286244)
czarlenga@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

MAYER BROWN LLP
Dale J. Giali  (Cal. Bar No. 150382)
dgiali@mayerbrown.com
350 South Grand Avenue
25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

Attorneys for Defendant
DREYER'S GRAND ICE CREAM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYE ASTIANA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DREYER'S GRAND ICE CREAM, INC.,<br><br>　　　　Defendant.<br><br>―――――――――――――――――――<br><br>PAMELA RUTLEDGE-MUHS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DREYER'S GRAND ICE CREAM, INC.,<br><br>　　　　Defendant. | Case No. C11-02910 EMC<br>consolidated with<br>Case No. C11-3164 EMC<br><br>**STIPULATION AND [proposed] ORDER (1) FURTHER CONTINUING FEBRUARY 24, 2012 INITIAL CASE MANAGEMENT CONFERENCE, (2) FURTHER CONTINUING THE DATE TO RESPOND TO THE COMPLAINT, AND (3) FURTHER CONFIRMING THAT THE PARTIES WILL TEMPORARILY FOREGO LITIGATION ACTIVITIES** |

Plaintiffs Skye Astiana, Pamela Rutledge-Muhs and Jay Woolwine and defendant Dreyer's Grand Ice Cream, Inc., now known as Nestlé Dreyer's Ice Cream Co. ("Dreyer's"), by and through their respective counsel of record and pursuant to Local Rules 6-2 and 7-12, enter into the following stipulation for an order (1) further continuing the initial case management conference from February 24, 2012 to March 23, 2012, (2) further continuing the last day to consider and re-set, as appropriate, Dreyer's response date to the March 23, 2012 case management conference, and (3) further confirming that the parties will forego litigation activities for a short period, all to facilitate further mediation of this consolidated action without having simultaneously to expend the Court's and parties' time and resources on litigation:

WHEREAS, on June 14, 2011, plaintiff Astiana filed her initial complaint (Dkt. #1);

WHEREAS, on June 27, 2011, plaintiffs Rutledge-Muhs and Woolwine filed their initial complaint (Dkt. # 1 in Case No. C11-3164 EMC);

WHEREAS, on July 6, 2011, plaintiff Astiana and Dreyer's agreed to extend the time for Dreyer's to respond to the *Astiana* complaint for 30 days (Dkt. #11);

WHEREAS, on August 18, 2011, the two complaints were deemed "related" and *Rutledge-Muhs* was re-assigned to this department (Dkt. #17);

WHEREAS, on August 22, 2011, the Court issued an Order setting a single case management conference for both cases for October 28, 2011 (Dkt. #18);

WHEREAS, on August 31, 2011, the court continued the October 28, 2011 initial case management conference to December 16, 2011 and extended Dreyer's time to respond to the complaints in the related actions until 30 days following the completion of a planned November 30, 2011 mediation (Dkt. #23);

WHEREAS, on September 30, 2011, the Court consolidated the two cases for all purposes, designating the *Astiana* complaint as the single active complaint and relieving Dreyer's from any obligation to respond to the *Rutledge-Muhs* complaint (Dkt. #27);

1  WHEREAS, on November 30, 2011, the parties engaged in a full day mediation
2  session in New York, New York, before David Geronemus of JAMS, and while the
3  parties were unable to settle the matter during the first day of mediation, sufficient
4  progress was made that the parties believed a second day of mediation was appropriate
5  and warranted;

6  WHEREAS, on December 8, 2011, the parties informed the Court of (i) their
7  intention to schedule an additional day of mediation in an effort to exhaust all
8  possibilities of settlement, and (ii) their desire that they should conduct the second day
9  of mediation without having simultaneously to litigate the action so as to preserve the
10 scarce resources of the Court and the time and resources of the parties (Dkt. #29);

11 WHEREAS, on December 13, 2011, and pursuant to the parties' stipulation (Dkt.
12 #29), the Court issued an Order (Dkt. #30) providing that (i) the parties will schedule a
13 second day of mediation to occur following the exchanging or obtaining of agreed-upon
14 information, and will report to the Court once the second day of mediation is scheduled,
15 (ii), the December 16, 2011 initial case management conference is continued to Friday,
16 February 24, 2012, (iii) Dreyer's last day to respond to the initial complaint in this
17 consolidated action is vacated, and the response date will be addressed and rescheduled,
18 as appropriate, at the continued case management conference, and (iv) the parties were
19 to cease all litigation activities until at least after the February 24, 2012 continued initial
20 case management conference;

21 WHEREAS, the parties have now scheduled a second day of mediation, but to
22 accommodate the schedules of the parties, their attorneys and the mediator, the second
23 day of mediation has been scheduled for the earliest reasonably feasible date of March
24 8, 2012; and

25 WHEREAS, the parties believe it appropriate in light of the March 8, 2012
26 scheduled second day of mediation to (i) further continue the initial case management
27 conference from February 24, 2012 to March 23, 2012, (ii) further continue the last day

28

to re-set, as appropriate, Dreyer's response date, and (iii) further confirm the parties' litigation standstill;

NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED by and between the parties that:

1. The February 24, 2012 initial case management conference is continued to Friday, March 23, 2012 at 9 a.m. in Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California;

2. Dreyer's last day to respond to the initial complaint, which has been vacated by the Court (Dkt. #30), will be addressed and rescheduled, as appropriate, at the March 23, 2012 continued case management conference;

3. The parties agree to cease all litigation activities, including but not limited to serving discovery or addressing any of the obligations under Fed. R. Civ. P. 16 or 26(f), until at least after the March 23, 2012 continued initial case management conference; and

4. Nothing stated herein shall prevent the parties, or one of them, from seeking an order extending the litigation standstill as appropriate or from seeking to modify further the obligations and deadlines set out in Fed. R. Civ. P. 16 or 26(f).

Dated: January 19, 2012        LAW OFFICES OF JANET LINDNER SPIELBERG

By: /s/ *Janet Lindner Spielberg*

Janet Lindner Spielberg, Co-Lead Attorney for Plaintiffs

Dated: January 19, 2012        MAYER BROWN LLP

By: /s/ *Dale J. Giali*

Dale J. Giali, Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: January __24__, 2012

Hon. Edward M. Chen

IT IS SO ORDERED
Judge Edward M. Chen

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2012, I caused the foregoing **STIPULATION AND [proposed] ORDER (1) FURTHER CONTINUING FEBRUARY 24, 2012 INITIAL CASE MANAGEMENT CONFERENCE, (2) FURTHER CONTINUING THE DATE TO RESPOND TO THE COMPLAINT, AND (3) FURTHER CONFIRMING THAT THE PARTIES WILL TEMPORARILY FOREGO LITIGATION ACTIVITIES** to be electronically filed with the Clerk of the Court. I understand that the Court will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF.

Dated: January 19, 2012            MAYER BROWN LLP
                                                         Dale J. Giali


                                                 By:         /s/ *Dale J. Giali*
                                                         Dale J. Giali
                                                 Attorneys for Defendant
                                                 DREYER'S GRAND ICE CREAM, INC.
