MAYER BROWN LLP
Carmine R. Zarlenga (D.C. Bar No. 286244)
czarlenga@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

MAYER BROWN LLP
Dale J. Giali  (Cal. Bar No. 150382)
dgiali@mayerbrown.com
350 South Grand Avenue
25th Floor
Los Angeles, CA  90071-1503
Telephone:      (213) 229-9500
Facsimile:       (213) 625-0248

Attorneys for Defendant
DREYER'S GRAND ICE CREAM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SKYE ASTIANA, *et al.*,<br><br>           Plaintiffs,<br><br>     vs.<br><br>DREYER'S GRAND ICE CREAM, INC.,<br><br>           Defendant. | Case No. C11-02910 EMC<br>consolidated with<br>Case No. C11-3164 EMC<br><br>The Honorable Edward M. Chen<br><br>**DEFENDANT DREYER'S GRAND ICE CREAM, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT; DECLARATION OF LEANNE M. KNOWLDEN; EXHIBITS 1-6**<br><br>Date:  June 29, 2012<br>Time:  1:30 p.m.<br>Dept.: Courtroom 5, 17th Floor<br><br>[Proposed Order Attached] |

-1-
REQUEST FOR JUDICIAL NOTICE – Case No. C11-02910 EMC consolidated with Case No. C11-3164 EMC

1  Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently filed Motion
2  to Dismiss the First Amended Consolidated Complaint ("FACC"), defendant Dreyer's Grand Ice
3  Cream, Inc. ("Dreyer's") respectfully requests that the Court take judicial notice of the following
4  attached exhibits:

5  1.  **Exhibit 1** is a true and correct copy of the First Amended Complaint filed on December
6  8, 2010 in the United States District Court for the Northern District of California in the *Astiana v. Ben*
7  *& Jerry's Homemade, Inc.* action, Case No. 10-04387 (N.D. Cal.), downloaded from the court's
8  electronic docket (ECF No. 20).

9  2.  **Exhibit 2** is a true and correct copy of the packaging label for Ben & Jerry's Cherry
10  Garcia® ice cream, 473 ml carton, filed as Exhibit B to Defendant Ben & Jerry's Homemade, Inc.'s
11  Request for Judicial Notice in Support of Its Motion to Dismiss, on November 24, 2010 in the United
12  States District Court for the Northern District of California in the *Astiana v. Ben & Jerry's Homemade,*
13  *Inc.* action, Case No. 10-04387 (N.D. Cal.), downloaded from the court's electronic docket (ECF
14  No. 19-2).

15  3.  **Exhibit 3** is a true and correct copy of the packaging label for Häagen-Dazs chocolate
16  chip cookie dough ice cream, 14 fl oz cup, that was in use on June 14, 2011, the date the original
17  Complaint in this action was filed.

18  4.  **Exhibit 4** is a true and correct copy of the initial Complaint filed on September 29,
19  2010 in the United States District Court for the Northern District of California in the *Astiana v. Ben &*
20  *Jerry's Homemade, Inc.* action, Case No. 10-04387 (N.D. Cal.), downloaded from the court's
21  electronic docket (ECF No. 1).

22  5.  **Exhibit 5** is a true and correct copy of the April 6, 2011 Transcript of Proceedings
23  (Defendant's Motion to Dismiss) in the United States District Court for the Northern District of
24  California in the *Astiana v. Ben & Jerry's Homemade, Inc.* action, Case No. 10-04387 (N.D. Cal.).

25  6.  **Exhibit 6** is a true and correct copy of the First Amended Complaint filed on April 6,
26  2012 in the United States District Court for the Northern District of California in the *Littlehale v. The*
27
28

*Hain Celestial Group* action, Case No. 11-06342 (N.D. Cal.), downloaded from the court's electronic docket (ECF No. 29).

**Grounds for Judicial Notice**

Exhibit 3 should be judicially noticed because it is a copy of one of the allegedly misleading packaging labels at issue in the above-captioned action, which are referred to, and thus incorporated by reference, in the FACC at Ex. 11 p. 3 of 9. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). The attached declaration of Leanne M. Knowlden authenticates Exhibits 3 as a true and correct copy of the business records of Dreyer's.

Exhibits 1, 2, 4, 5 and 6 should be judicially noticed because they are court filings, which are matters of public record. *See* Fed R. Evid. 201(b) (court may take notice of documents "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

Dated: May 1, 2012                MAYER BROWN LLP
                                              Carmine R. Zarlenga
                                              Dale J. Giali

                                  By:_____/s/ *Dale J. Giali*_____
                                             Dale J. Giali
                                  Attorneys for Defendant
                                  Dreyer's Grand Ice Cream, Inc.

# DECLARATION OF LEANNE M. KNOWLDEN

I, Leanne M. Knowlden, hereby declare and state as follows:

1.  I am a Supervisor Legal Specialist for defendant Dreyer's Grand Ice Cream, Inc., now known as Nestlé Dreyer's Ice Cream Company ("Dreyer's"). I have been employed with Dreyer's for 11 years. For the past five years I have had responsibility for various aspects of product labeling. I understand I am submitting this declaration on behalf of Dreyer's and in support of Dreyer's request for judicial notice ("RJN"), which I understand is submitted in support of Dreyer's motion to dismiss the first amended consolidated complaint in the above-captioned action. This declaration is based on my general knowledge and experience at Dreyer's and on my specific knowledge by virtue of the duties, responsibilities and obligations of my current position at Dreyer's. It is on this basis that I have personal knowledge of the facts set forth below and make this declaration.

2.  In my position at Dreyer's and as part of my duties and responsibilities, I am generally familiar with and have access to certain of the records that are created and maintained in the ordinary course of Dreyer's business, including the exhibit referenced below. The exhibit referred to below is a true and correct copy of materials created and maintained as part of the ordinary course of Dreyer's business, by individuals, including myself, with the specific responsibility to create and maintain such materials.

3.  In the course of my duties at Dreyer's, I have become familiar with the company's packaging and labels for Häagen-Dazs ice cream products.

4.  **Exhibit 3** to Dreyer's RJN is a true and correct copy of the packaging label for Häagen-Dazs chocolate chip cookie dough ice cream, 14 fl oz cup. It was in use at the time of the filing of the *Astiana* action on June 14, 2011.

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed this 1st day of May, 2012, at Oakland, CA

_____
Leanne M. Knowlden

-1-
DECLARATION OF LEANNE M. KNOWLDEN - Case No. C11-02910 EMC consolidated with C11-3164 EMC