1    Joseph N. Kravec, Jr. (*pro hac vice*)         Michael D. Braun (Bar No. 167416)
     Maureen Davidson-Welling (*pro hac vice*)      **BRAUN LAW GROUP, P.C.**
2    Wyatt A. Lison (*pro hac vice*)                10680 W. Pico Blvd., Suite 280
     **STEMBER FEINSTEIN DOYLE**                    Los Angeles, CA 90064
3        **PAYNE & KRAVEC, LLC**                    Phone: (310) 836-6000
     429 Forbes Avenue, 17th Floor                  Fax: (310) 836-6010
4    Pittsburgh, PA 15219                           Email: service@braunlawgroup.com
     Tel: (412) 281-8400
5    Fax: (412) 281-1007
     Email: jkravec@stemberfeinstein.com            Janet Lindner Spielberg
6           mdavidsonwelling@stemberfeinstein.com   **LAW OFFICE OF JANET**
            wlison@stemberfeinstein.com                 **LINDNER SPIELBERG**
7                                                   12400 Wilshire Blvd., Suite 400
     Nabil Majed Nachawati, II (*pro hac vice*)     Los Angeles, CA 90025
8    **FEARS NACHAWATI LAW FIRM**                   Phone: (310) 392-8801
     4925 Greenville Avenue, Suite 715              Fax: (310) 278-5938
9    Dallas, TX 75206                               Email: jlspielberg@jlslp.com
     214-890-0711
10   Fax: 214-890-0712
     Email: mn@fnlawfirm.com
11   *PLAINTIFF'S INTERIM CO-LEAD COUNSEL*
     (Additional Counsel on Signature Page)
12
     Carmine R. Zarlenga (D.C. Bar No. 286244)      Dale J. Giali (Bar No. 150382)
13   **MAYER BROWN, LLP**                           **MAYER BROWN, LLP**
     1999 K Street, N.W.                            350 South Grand Avenue, 25th Floor
14   Washington, D.C. 20006-1101                    Los Angeles, CA 90071-1503
     Tel: (202) 263-3000                            Tel: (213) 229-9500
15   Fax: (202) 263-3300                            Fax: (213) 625-0248
     Email: czarlenga@mayerbrown.com                Email: dgiali@mayerbrown.com
16   *ATTORNEYS FOR DEFENDANT*

17

## IN THE UNITED STATES DISTRICT COURT

18

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

19

#### SAN FRANCISCO DIVISION

20

| | |
|---|---|
| 21  **SKYE ASTIANA, PAMELA RUTLEDGE-** | **CASE NO.:  3:11-cv-02910-EMC** |
|     **MUHS  and JAY WOOLWINE, on behalf of** | **Consolidated with CASE NO.: 3:11-cv-3164** |
| 22  **themselves and all others similarly situated,** | **CLASS ACTION** |
| 23                              **Plaintiffs,** | **[~~PROPOSED~~] STIPULATED** |
|                                                | **PROTECTIVE ORDER** |
| 24                        **v.** | |
| 25  **DREYER'S GRAND ICE CREAM, INC.,** | |
| 26                          **Defendant.** | |

27

28

1

1   **1.    <u>PURPOSES AND LIMITATIONS</u>**

2          Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public disclosure

4   and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

5   the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

6   Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

7   or responses to discovery and that the protection it affords from public disclosure and use extends

8   only to the limited information or items that are entitled to confidential treatment under the

9   applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

10  this Stipulated Protective Order does not entitle them to file confidential information under seal;

11  Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the

12  standards that will be applied when a party seeks permission from the court to file material under

13  seal.

14  **2.    <u>DEFINITIONS</u>**

15         2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

16  information or items under this Order.

17         2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

18  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

19  Civil Procedure 26(c).

20         2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well

21  as their support staff).

22         2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

24         2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

25  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27         2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

28  or manner in which it is generated, stored, or maintained (including, among other things, testimony,

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3

1  **3.    SCOPE**

2        The protections conferred by this Stipulation and Order cover not only Protected Material (as

3  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

4  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

5  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

6  However, the protections conferred by this Stipulation and Order do not cover the following

7  information: (a) any information that is in the public domain at the time of disclosure to a Receiving

8  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

9  publication not involving a violation of this Order, including becoming part of the public record

10 through trial or otherwise; and (b) any information known to the Receiving Party prior to the

11 disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

12 information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

13 Protected Material at trial shall be governed by a separate agreement or order.

14 **4.    DURATION**

15       Even after final disposition of this litigation, the confidentiality obligations imposed by this

16 Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

17 otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

18 defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

19 and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

20 time limits for filing any motions or applications for extension of time pursuant to applicable law.

21 **5.    DESIGNATING PROTECTED MATERIAL**

22       Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

23 Party that designates information or items for protection under this Order must take care to limit any

24 such designation to specific material that qualifies under the appropriate standards. To the extent it is

25 practical to do so, the Designating Party must designate for protection only those parts of material,

26 documents, items, or oral or written communications that qualify – so that other portions of the

27 material, documents, items, or communications for which protection is not warranted are not swept

28 unjustifiably within the ambit of this Order.

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

2    to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

3    encumber or retard the case development process or to impose unnecessary expenses and burdens on

4    other parties) expose the Designating Party to sanctions.

5    If it comes to a Designating Party's attention that information or items that it designated for

6    protection do not qualify for protection at all or do not qualify for the level of protection initially

7    asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

8    mistaken designation.

9    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see,

10   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

11   Discovery Material that qualifies for protection under this Order must be clearly so designated

12   before the material is disclosed or produced.

13   Designation in conformity with this Order requires:

14   (a) for information in documentary form (e.g., paper or electronic documents, but excluding

15   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

16   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

17   each page that contains protected material. If only a portion or portions of the material on a page

18   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

19   by making appropriate markings in the margins) and must specify, for each portion, the level of

20   protection being asserted.

21   A Party or Non-Party that makes original documents or materials available for inspection

22   need not designate them for protection until after the inspecting Party has indicated which material it

23   would like copied and produced. During the inspection and before the designation, all of the material

24   made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

25   EYES ONLY." After the inspecting Party has identified the documents it wants copied and

26   produced, the Producing Party must determine which documents, or portions thereof, qualify for

27   protection under this Order. Then, before producing the specified documents, the Producing Party

28   must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

1   ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or

2   portions of the material on a page qualifies for protection, the Producing Party also must clearly

3   identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

4   specify, for each portion, the level of protection being asserted.

5         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

6   Designating Party identify on the record, before the close of the deposition, hearing, or other

7   proceeding, all protected testimony and specify the level of protection being asserted. When it is

8   impractical to identify separately each portion of testimony that is entitled to protection and it

9   appears that substantial portions of the testimony may qualify for protection, the Designating Party

10  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

11  to have up to 21 days to identify the specific portions of the testimony as to which protection is

12  sought and to specify the level of protection being asserted. Only those portions of the testimony that

13  are appropriately designated for protection within the 21 days shall be covered by the provisions of

14  this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or

15  up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated

16  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17        Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

18  other proceeding to include Protected Material so that the other parties can ensure that only

19  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

20  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

21  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY."

23        Transcripts containing Protected Material shall have an obvious legend on the title page that

24  the transcript contains Protected Material, and the title page shall be followed by a list of all pages

25  (including line numbers as appropriate) that have been designated as Protected Material and the level

26  of protection being asserted by the Designating Party. The Designating Party shall inform the court

27  reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day

28  period for designation shall be treated during that period as if it had been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

In the event that any documents, material, or testimony that are subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within 21 days of discovery of the inadvertent production, together with a further copy of the subject document, material, or testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, material, or testimony shall promptly destroy the inadvertently produced document, material, or testimony and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such documents, material, or testimony to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated documents, material, or testimony. Should the Receiving Party choose to destroy such inadvertently produced document, material, or testimony, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges. In the event that this provision conflicts with

7

1   any applicable law regarding waiver of confidentiality through the inadvertent production of

2   documents, material, or testimony, such law shall govern.

3   **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4          6.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

5   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

6   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

7   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

8   confidentiality designation by electing not to mount a challenge promptly after the original

9   designation is disclosed.

10         6.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

11  by providing written notice of each designation it is challenging and describing the basis for each

12  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

13  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

14  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

15  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

16  are not sufficient) within 21 days of the date of service of notice. In conferring, the Challenging

17  Party must explain the basis for its belief that the confidentiality designation was not proper and

18  must give the Designating Party an opportunity to review the designated material, to reconsider the

19  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

20  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

21  has engaged in this meet and confer process first or establishes that the Designating Party is

22  unwilling to participate in the meet and confer process in a timely manner.

23         6.3      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

24  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

25  Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable)

26  within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the

27  meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must

28  be accompanied by a competent declaration affirming that the movant has complied with the meet

and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

9

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[Proposed] Stipulated Protective Order; Case No.: 3:11-cv-02910-EMC

case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 21 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 14 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[Proposed] Stipulated Protective Order; Case No.:  3:11-cv-02910-EMC

1            1.   promptly notify in writing the Requesting Party and the Non-Party that some

2      or all of the information requested is subject to a confidentiality agreement with a Non-Party;

3            2.   promptly provide the Non-Party with a copy of the Stipulated Protective

4      Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

5      information requested; and

6            3.   make the information requested available for inspection by the Non-Party.

7          (c)      If the Non-Party fails to object or seek a protective order from this court within 14

8      days of receiving the notice and accompanying information, the Receiving Party may produce the

9      Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

10     seeks a protective order, the Receiving Party shall not produce any information in its possession or

11     control that is subject to the confidentiality agreement with the Non-Party before a determination by

12     the court.[3] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

13     seeking protection in this court of its Protected Material.

14     **10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16     Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

17     the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

18     disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

19     inform the person or persons to whom unauthorized disclosures were made of all the terms of this

20     Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

21     Be Bound" that is attached hereto as Exhibit A.

22     **11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

23             **MATERIAL**

24     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

25     material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

26     _____

27     [3] The purpose of this provision is to alert the interested parties to the existence of confidentiality
       rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality

28     interests in this court.

are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 13.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.

[Proposed] Stipulated Protective Order; Case No.:  3:11-cv-02910-EMC

1   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

2   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

3   the Protected Material is returned or destroyed, the Receiving Party must submit a written

4   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

5   by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material

6   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

7   abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

8   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

9   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

10  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

11  and expert work product, even if such materials contain Protected Material. Any such archival copies

12  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

13  Section 4 (DURATION).

14         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15

16  DATED: September 28, 2012          By: _____s/ Joseph N. Kravec, Jr._____

17                                    JOSEPH N. KRAVEC, JR.
18                                    MAUREEN DAVIDSON-WELLING
                                      WYATT A. LISON
19                                    MICHAEL D. BRAUN
                                      JANET LINDNER SPIELBERG
20                                    DANIEL ROMAN TAMEZ
                                      RONALD DEAN GRESHAM
21                                    JENNIFER WEBER JOHNSON
                                      NABIL MAJED NACHAWATI, II
22                                    ROGER L. MANDEL
23
                                      Attorneys for Plaintiffs
24                                    SKYE ASTIANA, PAMELA RUTLEDGE-MUHS and
                                      JAY WOOLWINE
25

26

27

28

16

1  DATED: September 28, 2012          By: _____s/ Dale J. Giali_____

2                                     DALE J. GIALI
                                      CARMINE R. ZARLENGA
3

4                                     Attorneys for Defendant
                                      DREYER'S GRAND ICE CREAM, INC.
5

6

7  PURSUANT TO STIPULATION, IT IS SO ORDERED.

8

9  DATED:   October 1, 2012          _____

10                                    EDWARD M. CHEN
                                      United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Skye Astiana, Pamela Rutledge-Muhs and Jay Woolwine v. Dreyer's Grand Ice Cream, Inc.*, 3:11-cv-02910-EMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
            [printed name]

Signature: _____
            [signature]

18