**United States District Court**
For the Northern District of California

1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                     NORTHERN DISTRICT OF CALIFORNIA

7

8   SKYE ASTIANA, *et al.*,                        No. C-11-2910 EMC

9            Plaintiffs,                           No. C-11-3164 EMC

10       v.                                        **CONSOLIDATED CASES**

11  DREYER'S GRAND ICE CREAM, INC.,

12       Defendant.                                **ORDER DENYING DEFENDANT'S**
                                   _____/    **MOTION FOR CERTIFICATION**
13

14  PAMELA RUTLEDGE-MUHS, *et al.*,                **(Docket No. 58)**

15       Plaintiffs,

16       v.

17  DREYER'S GRAND ICE CREAM, INC.,

18       Defendant.
                                   _____/
19

20

21       Plaintiffs Skye Astiana, Pamela Rutledge-Muhs, and Jay Woolwine have filed a class action

22  against Defendant Dreyer's Grand Ice Cream, Inc. ("DGIC"), alleging that it violated both federal

23  and state law by misrepresenting that its ice cream(under the brand names Dreyer's, Edy's, and

24  Haagen-Dazs) contained all natural ingredients when in fact they did not.  Previously, DGIC moved

25  to dismiss Plaintiffs' amended complaint, which the Court granted in part and denied in part.  See

26  Docket No. 53 (order).  DGIC now moves the Court to certify a part of that order for an

27  interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

28

**United States District Court**
For the Northern District of California

1    More specifically, DGIC seeks certification of the following legal issue: whether Plaintiffs'

2    state law claims, challenging DGIC's use of the phrase "All Natural Flavors" on its label for

3    Dreyer's/Edy's ice cream, is preempted under 21 U.S.C. § 343-1(a)(3). Section 343-1(a)(3) requires

4    that state law standards be identical to 21 U.S.C. § 343(k) and its implementing regulations. Section

5    343(k) provides that a food is misbranded "[i]f it bears or contains any artificial flavoring, artificial

6    coloring, or chemical preservative, unless it bears labeling stating that fact . . . ." 21 U.S.C. §

7    343(k). One of the implementing regulations for § 343(k) is 21 C.F.R. § 101.22. Section

8    101.22(h)(1) provides that "[t]he label of a food to which flavor is added shall declare the flavor in

9    the statement of ingredients in the following way: (1) Spice, natural flavor, and artificial flavor may

10   be declared as 'spice,' 'natural flavor,' or 'artificial flavor,' or any combination thereof, as the case

11   may be." 21 C.F.R. § 101.22(h)(1) (emphasis added).

## I.    DISCUSSION

13   A.    Legal Standard

14   Section 1292(b) provides as follows:

15       When a district judge, in making in a civil action an order not
         otherwise appealable under this section, shall be of the opinion that
16       such order involves a controlling question of law as to which there is
         substantial ground for difference of opinion and that an immediate
17       appeal from the order may materially advance the ultimate termination
         of the litigation, he shall so state in writing in such order.
18

19   28 U.S.C. § 1292(b). "[T]he party pursuing the interlocutory appeal bears the burden of . . .

20   demonstrating" that the district court order at issue involves a controlling question of law; that there

21   is substantial ground for difference of opinion on that legal question; and that an immediate appeal

22   on that legal question may materially advance the ultimate termination of the litigation. *Couch v.*

23   *Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

24   B.    Controlling Question of Law

25   The Ninth Circuit has explained that "all that must be shown in order for a question [of law]

26   to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of

27   litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

28   *Compare* Wright, et al., Fed. Prac. & Proc. § 3930 (noting that "there is little doubt that a question is

United States District Court

For the Northern District of California

1    not controlling if the litigation would be conducted in the same way no matter how it were

2    decided").

3           In the instant case, DGIC contends it seeks an appellate ruling on a question of law and that

4    the question of law is controlling. In large part, the Court disagrees. Plaintiffs' challenge to the

5    label "All Natural Flavors" (used on certain Dreyer's/Edy's ice cream) is primarily a factual

6    question. That is, Plaintiffs contend that that label can be construed by a reasonable consumer to

7    mean all of its ice creams are "all natural"; in other words, "All Natural Flavors" means its whole

8    line of ice cream is "All Natural," not just the flavoring ingredients. Whether a reasonable consumer

9    could reasonably so construe the label is a question of fact, not a question of law let alone a

10   controlling question of law, because if in fact the label is so construed to mean all of the ingredients

11   (not just flavorings) are natural, as with the Haagen-Dazs line, the statutory and regulatory

12   provisions DGIC cites as pre-emptive (discussed below) would not apply.[1]

13          To be sure, DGIC makes a creative legal argument that it is authorized by federal law to use

14   the term "flavors" on its label in a manner consistent with the Food, Drug, and Cosmetic Act

15   ("FDCA") and implementing regulations, and that any state claim which imposes liability thereon is

16   preempted. As to that limited legal question, DGIC fails to prove all the criteria under § 1292(b) are

17   met, as discussed below.

18   C.     Substantial Ground for Difference of Opinion

19          The Ninth Circuit has stated that,

20                  [t]o determine if a "substantial ground for difference of
             opinion" exists under § 1292(b), courts must examine to what extent
21           the controlling law is unclear. Courts traditionally will find that a
             substantial ground for difference of opinion exists where "the circuits
22           are in dispute on the question and the court of appeals of the circuit
             has not spoken on the point, if complicated questions arise under
23           foreign law, or if novel and difficult questions of first impression are
             presented."

24

25

26

27          [1] This Court, while skeptical of this claim, held that it could not preclude such a consumer
     interpretation of the label in the context of a motion under Rule 12(b)(6) where all reasonable
28   inferences must be drawn in favor of Plaintiffs.

3

**United States District Court**

For the Northern District of California

1    *Couch*, 611 F.3d at 633.  The issue must be one "'over which reasonable judges might differ.'"

2    *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

3           In the case at bar, DGIC contends that it is insulated from state regulation based on its use of

4    the label "All Natural Flavors" because federal law permits the use of the phrase.  DGIC notes that

5    (1) 21 U.S.C. § 343-1(a)(3) prevents states from imposing a labeling requirement different from that

6    required by, *inter alia*, § 343(k); (2) § 343(k) requires that any food containing an artificial flavoring

7    or chemical preservative have a label stating such fact; and (3) one of § 343(k)'s implementing

8    regulations defines "artificial flavor" as well as "natural flavor" and further provides that an artificial

9    flavor or natural flavor may be declared as such in the statement of ingredients.

10          The problem for DGIC is that these provisions do not expressly authorize the use of the

11   phrase "All Natural Flavors" on the *general label* of ice cream as it appears on the products at issue.

12   Section 343(k) only requires that any artificial flavoring be declared on the label.  Section 101.22(h)

13   only prescribes what the statement of ingredients must declare (using the definitions in § 101.22(a)

14   which are purely definitional and not operative).  The express terms of these federal laws do not

15   address (and thus do not preempt) the use of the rather generic phrase "All Natural Flavors" on the

16   label in the manner used in this case; *i.e.*, not in the statement of ingredients (§ 101.22(b)) and not

17   describing a particular characterizing flavor such as "vanilla" or "strawberry."  *See* 21 C.F.R. §§

18   101.22(i), 135.110(f)(2)) (regulating the declaration of characterizing flavors on labels).  Nor have

19   any cases so held.  For the reasons previously stated and as noted herein, the Court finds DGIC's

20   construction of these provisions is  not supported by the plain language of the regulations or case

21   law.

22          While DGIC cites cases as supporting of its legal argument, its reliance on these cases is

23   misplaced.  *Cf. Stuart v. RadioShack Corp.*, No. C-07-4499 EMC, 2009 U.S. Dist. LEXIS 57963, at

24   *8 (N.D. Cal. June 25, 2009) (noting that, "[i]n many cases, courts have found a substantial ground

25   for a difference of opinion based on conflicting case law").  For example, in *Carrea v. Dreyer's*

26   *Grand Ice Cream, Inc.*, No. 11-15263, 2012 WL 1131526 (9th Cir. Apr. 5, 2012), the Ninth Circuit

27   held that there was preemption pursuant to 21 U.S.C. § 343-1(a)(5) (not § 343-1(a)(3)), which

28   requires that state law standards be identical to 21 U.S.C. § 343(r) (not § 343(k)).  As the Court

4

**United States District Court**

For the Northern District of California

1    pointed out in its prior order, § 343(r) expressly provides that a claim on a label about a food

2    product's nutritional levels can be made "if the characterization of the level . . . uses terms which are

3    defined in regulations of the Secretary." 21 U.S.C. § 343(r)(2)(A)(i); *see also* Docket No. 53 (Order

4    at 10).  The sweep of § 343(r) is broader than that of § 343(k) at issue here.[2]

5           In *Lam v. General Mills, Inc.*, No. 11-5056-SC, 2012 U.S. Dist. LEXIS 65815 (N.D. Cal.

6    May 10, 2012), Judge Conti found preemption pursuant to § 343-1(a)(3).  However, the

7    implementing regulation at issue was § 101.22(i) (not § 101.22(h)).  In *Lam*, the labeling challenged

8    by the plaintiff was "expressly permitted" by § 101.22(i). Id. at *11 (noting that, "under 21 C.F.R §

9    101.22(i), a product may be labeled as 'fruit flavored' or 'naturally flavored,' even if it does not

10   contain fruit or natural ingredients").  Here, as noted above, § 101.22(h)(1) does not expressly

11   authorize (or address) the term "natural flavors" used outside the statement of ingredients.

12          Finally, in *In re Ferrero Litigation*, 794 F. Supp. 2d 1107 (S.D. Cal. 2011), the court found

13   preemption under § 343-1(a)(3) because the defendant's label contained the appropriate disclosure

14   of artificial flavoring clearly required by § 343(k).  *See id.* at 1114 (stating that, "[b]ecause

15   Nutella®'s label states the fact that it contains vanillin, an artificial flavor, the label complies with

16   the disclosure requirements of 21 U.S.C. § 343(k)").[3]  The court did not address the issue here, *i.e.*,

17   whether the use of the phrase "All Natural Flavors" outside of the statement of ingredients is

18   required or specifically authorized by § 343(k) or one of its implementing regulations (*e.g.*, §

19   101.22(h)(1)).

20          Accordingly, DGIC has failed to meet its burden of establishing a substantial ground for

21   difference of opinion on the legal question at issue.  In fact, it has cited no opinion on point.  The

22   declaration of Elizabeth J. Campbell does not support DGIC's argument.  Ms. Campbell does not

23   currently work for the FDA.  Thus, any legal interpretation she provides about the FDCA and/or

24

---

25          [2] While § 343*(r)* expressly provides that a claim on a label about a food product's nutritional
     levels can be made "if the characterization of the level . . . uses terms which are defined in
26   regulations of the Secretary," 21 U.S.C. § 343(r)(2)(A)(i), there is no comparable provision in §
     343*(k)*.
27

28          [3] The Court has reviewed *Ferrero* on the Southern District's ECF system and confirmed that
     "VANILLIN: AN ARTIFICIAL FLAVOR" appeared in the statement of ingredients.

**United States District Court**

For the Northern District of California

1    Nutrition Labeling and Education Act is not entitled to any deference.  Nor has DGIC established

2    her competence to provide an expert opinion on the precise questions at hand.

3    D.        Materially Advance the Ultimate Termination of the Litigation

4          The Ninth Circuit has indicated that this factor is satisfied when resolution of the legal

5    question "may *appreciably* shorten the time, effort, or expense of conducting a lawsuit." *In re*

6    *Cement Antitrust Litig.*, 673 F.2d at 1027 (emphasis added); Moore's Fed. Prac. – Civ. § 203.31[3]

7    (noting that "[courts] look for a 'controlling' question that has the potential of substantially

8    accelerating disposition of the litigation").  Even if DGIC were to establish substantial difference of

9    opinion on a controlling issue of law, DGIC has not met its burden on this prong.

10         First, even if Plaintiffs' claims based on use of "All Natural Flavors" is removed by virtue of

11   a successful interlocutory appeal, that would mean only those ingredients that are *clearly* not flavors

12   would be removed from the case.  There are still two ingredients that *are* potentially flavors, and

13   those ingredients would need to be litigated (even with the interlocutory appeal) because Plaintiffs

14   contend that those flavors are in fact artificial and not natural, as claimed in the label.  These two

15   ingredients are found in 36 out of the 44 Dreyer's/Edy's products at issue.

16         Second, for 36 out of the 44 Dreyer's/Edy's products, there would still need to be a trial on

17   Plaintiffs' independent challenge that the labeling of those products is a violation of 21 C.F.R. §

18   135.110(f)(2).

19         Third, the claims against the 15 Haagen-Dazs products would also need to be tried.  These

20   claims are not affected by the proposed interlocutory appeal.

21         Finally, removal of those ingredients that are the subject of the proposed interlocutory appeal

22   would not save much time and expense from the litigation.  Claims related to these ingredients do

23   not entail substantial discovery, expert reports, and motions practice.  For example, most of these

24   ingredients are concededly artificial or synthetic; DGIC conceded in discovery that only three of the

25   four non-flavor ingredients are artificial and that the fourth might be natural.  The issues to be

26   litigated with respect to these ingredients are materiality (*i.e.*, would a reasonable consumer consider

27

28

**United States District Court**
For the Northern District of California

1  the claim that these ingredients are natural a material fact) and resulting damages. These issues will

2  require discovery, of course, but not of the breadth suggested by DGIC.[4]

3        Finally, it is worth noting that DGIC's proposed carve-out of the "All Natural Flavors" claim

4  in an interlocutory appeal poses additional problems. To the extent DGIC does not seek a stay,

5  management of the case would become disjointed if class certification on the unaffected part of the

6  case were to proceed in the face of an interlocutory appeal and to have to engage in a second class

7  certification on appealed claims in the event the Ninth Circuit were to affirm this Court's ruling on

8  preemption. Conversely, if the entire case is stayed pending the interlocutory appeal, adjudication of

9  unaffected claims will be delayed for months or longer. "Hence, the delay from an interlocutory

10  appeal could well far exceed the time it takes to resolve . . . this case." *Harris v. Vector Mktg.*

11  *Corp.*, No. C-08-5198 EMC, 2009 U.S. Dist. LEXIS 1132, at *11 (N.D. Cal. Nov. 20, 2009).

12  **III.  CONCLUSION**

13        For the foregoing reasons, the Court denies DGIC's motion for certification.

14        This order disposes of Docket No. 58.

15

16        IT IS SO ORDERED.

17

18  Dated: October 12, 2012

19  _____
         EDWARD M. CHEN

20           United States District Judge

21

22

23     [4] To the extent DGIC relies on a recent decision by Judge Beeler to argue that certification for an interlocutory appeal is appropriate, *see* Docket No. 68 (statement of recent decision), the Court does not find DGIC's position convincing. In *Brown v. The Hain Celestial Group, Inc.*, No. C

24  11-03082 LB (Docket No. 79), Judge Beeler concluded that there was a *controlling question of law* because, "[i]f the court's order were reversed on appeal, it would limit the legal theories under

25  which Plaintiffs could prove their case." *Id.* at 5. This is a separate issue from whether an interlocutory appeal would materially advance the ultimate termination of the litigation. On the

26  more relevant question, Judge Beeler found "one possible outcome" was that " a successful appeal would . . . result in dismissal of all of Plaintiff's claims." *Id.* at 5-6. Thus, the appeal "could

27  materially advance termination of the litigation." *Id.* at 6. Judge Beeler also found that appellate resolution of the exhaustion issue raised therein could "significantly par[e] down the issues for

28  judicial determination" by the district court. *Id.* at 7. The same is not true here.