Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET
  LINDNER SPIELBERG**
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
Tel: (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 W. Pico Blvd., Suite 280
Los Angeles, California 90064
Tel: (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com

Joseph N. Kravec, Jr. (admitted *pro hac vice*)
Wyatt Lison (admitted *pro hac vice*)
Maureen Davidson-Welling (*pro hac vice*)
**STEMBER FEINSTEIN DOYLE
  PAYNE & KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@stemberfeinstein.com
Email: wlison@stemberfeinstein.com
Email: mdavidsonwelling@stemberfeinstein.com

Nabil Majed Nachawati, II (*pro hac vice*)
**FEARS NACHAWATI LAW FIRM**
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Tel: (214) 890-0711
Fax: (214) 890-0712
Email: mn@fnlawfirm.com

*PLAINTIFFS' INTERIM CO-LEAD COUNSEL*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **SKYE ASTIANA, PAMELA RUTLEDGE-MUHS and JAY WOOLWINE, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DREYER'S GRAND ICE CREAM, INC.,**<br><br>**Defendant.** | **CASE NO.:  3:11-cv-02910-EMC<br>Consolidated with CASE NO.: 3:11-cv-3164**<br><br>**<u>CLASS ACTION</u>**<br><br>**STIPULATION AND [PROPOSED] ORDER RESETTING DEADLINES FOR SUBMISSION OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SETTING DEADLINES FOR DEFENDANT TO PRODUCE CERTAIN DOCUMENTS**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1  Plaintiffs Sky Astiana, Pamela Rutledge-Muhs and Jay Woolwine, and Defendant Dreyer's Grand Ice Cream, Inc., by and through their respective counsel of record and pursuant to Local Civil Rules 6-1(b), 6-2 and 7-12, enter into the following stipulation for an order (1) resetting the deadlines for submission of Plaintiffs' Motion for Class Certification, and (2) setting a deadline for Dreyer's to produce certain documents responsive to Plaintiffs' discovery requests:

WHEREAS, on March 30, 2012, Plaintiffs filed their First Amended Consolidated Complaint in this action against Dreyer's Grand Ice Cream, Inc. (Dkt. No. 42);

WHEREAS, on July 20, 2012, the Court granted in part and denied in part Dreyer's motion to dismiss (Dkt. No. 53);

WHEREAS, on July 24, 2012, the parties submitted a Joint Case Management Statement to the Court in advance of their July 31, 2012 Case Management Conference (Dkt. No. 54);

WHEREAS, on July 26, 2012, Plaintiffs served Defendant their first sets of discovery requests including requests for production of documents and interrogatories;

WHEREAS, on July 31, 2012, the parties attended a Case Management Conference to discuss the litigation of the action with the Court;

WHEREAS, on August 2, 2012, the Court entered a discovery and class certification schedule.  Dkt. No. 55.  The Court scheduled Plaintiffs' Motion for Class Certification to be due on January 25, 2013, Defendant's response to the Motion for Class Certification to be due on March 25, 2013, Plaintiffs' reply to the response to the Motion for Class Certification to be due on May 24, 2013, and a hearing on class certification to be held on June 7, 2013.  The Court also scheduled a Case Management Conference for February 8, 2013;

WHEREAS, on September 10, 2012, Defendant responded to Plaintiffs' first sets of discovery requests stating, as further detailed in the responses, it would produce documents responsive to 25 of Plaintiffs' requests subject to the entry of a protective order;

WHEREAS, on September 27, 2012, the parties met and conferred regarding Defendant's responses to Plaintiffs' requests;

WHEREAS, on October 1, 2012, the Court entered the parties' stipulated protective order (Dkt. No. 66);

1

1  WHEREAS, on October 5, 2012, Defendant produced 285 pages of documents consisting of
2  product labels at issue in this action;

3  WHEREAS, on November 1, 2012, Defendant produced 137 pages of documents consisting
4  primarily of product labels as well as organizational charts;

5  WHEREAS, on November 12, 2012, Plaintiffs sent Defendant a letter requesting to meet and
6  confer regarding documents responsive to Plaintiffs' requests that had not yet been produced and
7  which Defendant agreed to produce;

8  WHEREAS, on November 16, 2012, the Court reset the date for the hearing on class
9  certification to June 6, 2013, the date for Plaintiffs' reply to the response to the motion for class
10 certification to May 23, 2013, and the date for a Case Management Conference to February 7, 2013
11 (Dkt. No. 70);

12 WHEREAS, on November 19, 2012, Defendant sent Plaintiffs a letter explaining that
13 Defendant had experienced a number of independent logistical issues that impacted the timing in
14 which it would be able to produce the documents it agreed to produce.  Based on these issues,
15 Defendant proposed extending the filing, briefing and hearing schedule for Plaintiffs' motion for
16 class certification;

17 WHEREAS, the parties met and conferred regarding the logistical issues that Defendant has
18 faced with its document production, the discovery Plaintiffs deemed necessary for their class
19 certification motion, the timing of production, and on a proposed revised schedule for submission of
20 Plaintiffs' Motion for Class Certification;

21 WHEREAS, the parties agreed on a schedule for production of documents from Defendant,
22 and a revised schedule for submission of Plaintiffs' Motion for Class Certification to account for the
23 document production time period caused by Defendant's logistical issues while keeping the same
24 hearing date on the Motion for Class Certification previously set by this Court;

25 WHEREAS, pursuant to Civil Local Rules 6-1(b) and 6-2, the parties may request an order
26 changing a deadline that involves papers required to be filed or lodged with the Court or that would
27 extend deadlines set forth in the Local Rules or Federal rules; and

28 WHEREAS, this Stipulation is made in good faith and not for purposes of delay.

2

Stipulation And [Proposed] Order Resetting Deadlines For Submission Of  Plaintiffs' Motion For Class Certification
And Setting Deadline For Defendant to Produce Certain Documents; CASE NO.: 3:11-cv-02910-EMC

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel of record, as follows:

(a) Defendant will produce documents responsive to Plaintiffs' First Set of Requests for Production of Documents Nos. 1, 6, 11, 12, 16 and 23 as set forth in Defendant's responses thereto, and documents responsive to Plaintiffs' Second Set of Requests for Production of Documents No. 38 by January 15, 2013.

(b) Defendant will respond to Plaintiffs' Third Set of Interrogatories and First Set of Requests for Admissions by January 7, 2013.

(c) The last day for Plaintiffs to file their Motion for Class Certification is reset to March 1, 2013.

(d) The last day for Defendant's to file opposition papers to Plaintiffs' Motion for Class Certification is reset to April 12, 2013.

(e) The deadline for Plaintiffs' reply to the response to the Motion for Class Certification currently set for May 23, 2013 (Dkt. No. 70) shall remain unchanged.

(f) The hearing on the Motion for Class Certification currently set for June 6, 2013 at 1:30 p.m. (Dkt. No. 70) shall remain unchanged.

(g) Nothing in this stipulation, or the schedule set out above, addresses or governs issues relating to Plaintiffs' discovery responses, and all rights and remedies with respect thereto are fully preserved.

DATED: December 12, 2012　　　　　　　　　**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

By:  s/ Joseph N. Kravec, Jr.
　　　　Joseph N. Kravec, Jr. (*pro hac vice*)

Wyatt A. Lison *(pro hac vice)*
Maureen Davidson-Welling *(pro hac vice)*

3

|   |   |
|---|---|
|   | 429 Forbes Avenue<br>Allegheny Building, 17th Floor<br>Pittsburgh, PA 15219<br>Tel:  (412) 281-8400<br>Fax:  (412) 281-1007<br>Email:   jkravec@stemberfeinstein.com<br>            wlison@stemberfeinstein.com<br>            mdavidsonwelling@stemberfeinstein.com<br><br>**PLAINTIFFS' INTERIM CO-LEAD COUNSEL** |
| DATED:  December 7, 2012 | **MAYER BROWN LLP**<br><br>By:   s/ Dale J. Giali via email consent<br>         Dale J. Giali (Cal. Bar No. 150382)<br><br>350 South Grand Avenue<br>25th Floor<br>Los Angeles, CA 90071-1503<br>Telephone: (213) 229-9500<br>Facsimile: (213) 625-0248<br>dgiali@mayerbrown.com<br><br>**Attorneys for Defendant**<br>**DREYER'S GRAND ICE CREAM, INC**. |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: ___12/12___, 2012     _____
                              EDWARD M. CHEN
                              United States District Judge

*IT IS SO ORDERED*
*Judge Edward M. Chen*

4

# PROOF OF SERVICE

STATE OF PENNSYLVANIA )
) ss.:
COUNTY OF ALLEGHENY )

I am employed in the County of Allegheny, State of Pennsylvania. I am over the age of 18 and not a party to the within action. My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, PA 15219.

On December 12, 2012, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**STIPULATION AND [PROPOSED] ORDER RESETTING DEADLINES FOR SUBMISSION OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SETTING DEADLINE FOR DEFENDANT TO PRODUCE CERTAIN DOCUMENTS**

**[X] BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare that I am admitted *pro hac vice* in this action.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on December 12, 2012, at Pittsburgh, Pennsylvania.

    s/Joseph N. Kravec, Jr.
    Joseph N. Kravec, Jr.

5

Stipulation And [Proposed] Order Resetting Deadlines For Submission Of Plaintiffs' Motion For Class Certification And Setting Deadline For Defendant to Produce Certain Documents; CASE NO.: 3:11-cv-02910-EMC